**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MEGEAN DEMOS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PARKMOBILE, LLC,<br><br>Defendant. | Civil Action No.<br>_____ |

**NOTICE OF REMOVAL**

Pursuant to Title 28, Section 1441(a) of the United States Code, Defendant ParkMobile, LLC ("ParkMobile") hereby removes this putative class action titled *Megean Demos v. ParkMobile, LLC*, No. 2021CV352327, from the Superior Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. This Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because the putative class contains more than 100 members, minimal diversity exists, and on the face of Plaintiff's pleadings, the maximum amount in controversy exceeds $5 million, exclusive of costs and interest. *See* 28 U.S.C. §§ 1332(d), 1441, 1446, 1453(b). Removal is timely under 28 U.S.C. § 1446(b)(1).

1

### I.   Overview of Claims Asserted and Relief Sought

1. Plaintiff Megean Demos's Class Action Complaint asserts "ParkMobile owns and operates mobile applications that provide parking services to users in Georgia and throughout the United States," including "allowing a user to pay the cost for parking at a parking meter from a mobile device, or reserving a parking spot for future use." Compl. ¶ 4 (attached as part of **Ex. 1**).[1] Plaintiff seeks to bring this putative class action based on ParkMobile's purported "failure to properly secure and safeguard highly-valuable, protected personally identifiable information, including without limitations, names, license plate numbers, email addresses, phone numbers, vehicle nicknames, passwords, and home addresses (collectively, 'PII')." *Id.* ¶ 1.

2. Specifically, Plaintiff contends ParkMobile was "subject to a cybersecurity incident related to a vulnerability in a third-party software vendor that ParkMobile uses," *id.* ¶ 6, and the purported data breach that occurred "was a direct and proximate result of ParkMobile's failure to implement and follow basic security procedures." *Id.* ¶ 8. Plaintiff premises her claims regarding such security procedures on the Federal Trade Commission Act, 15 U.S.C. § 45. *See, e.g.*, Compl. ¶¶ 44-49,

---

[1] **Exhibit 1** is "a copy of all process, pleadings, and orders served" on ParkMobile. 28 U.S.C. § 1446(a).

87-90. Based on this cybersecurity incident, Plaintiff seeks to bring claims against ParkMobile on behalf of herself and a nationwide class for negligence, negligence *per se*, expenses of litigation and attorneys' fees, violation of the Georgia Uniform Deceptive Trade Practices Act, and declaratory judgment. *E.g.*, *id.* ¶¶ 9, 77-119.

3.  In her Class Action Complaint, Plaintiff defines the putative class as follows: "All persons in the United States and its territories whose PII was compromised in the ParkMobile Data Breach which occurred around March 2021." *Id.* ¶ 58. On behalf of herself and the putative class, Plaintiff seeks as relief, among other things, damages, restitution, and attorneys' fees, costs, and expenses, as well as pre- and post-judgment interest on any amounts awarded. *Id.* at 26, Prayer for Relief.

## II.  **Removal is Proper under CAFA**

4.  This Court has jurisdiction under CAFA because this lawsuit is a purported class action (Compl. ¶¶ 57-69) in which (A) the putative class has 100 or more members, (B) minimal diversity exists, and (C) the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(1)(B) (defining "class action" to include state law class actions); 28 U.S.C. § 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy

exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 28 U.S.C. § 1446 (permitting removal).

### A.   The Putative Class Includes More Than 100 Members

5.   There is no dispute that the putative class includes more than 100 members. Plaintiff purports to represent all persons within the United States and its territories who have used ParkMobile's application and whose personal information was purportedly compromised during the cybersecurity incident in March, 2021. Compl. ¶ 58. Plaintiff alleges that she "believes there are at a minimum thousands of Class Members." *Id.* ¶ 61. Indeed, she contends that ParkMobile has "millions" of users "in 8 of the top 10 U.S. cities." *Id.* ¶¶ 21, 25. To be more exact, Plaintiff claims that "[t]he information obtained in the Data Breach contains the PII of approximately 21 million individuals." *Id.* ¶ 31.

### B.   Minimal Diversity Exists

6.   ParkMobile is a citizen of Georgia. Compl. ¶ 13 ("The sole member of Defendant ParkMobile, LLC is ParkMobile USA, Inc. Member ParkMobile USA, Inc. is a Georgia corporation with its principal place of business . . . [in] Atlanta, Georgia."); *see also, e.g.*, *Wright Trans., Inc. v. Pilot Corp.*, 841 F.3d 1266, 1269-70 & n.3 (11th Cir. 2016) (a limited liability company is a citizen of any state of which a member of the company is a citizen for purposes of diversity jurisdiction,

4

including CAFA jurisdiction (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)). Plaintiff is also a citizen of Georgia. Compl. ¶ 10. But Plaintiff's requested class is not limited to Georgia citizens—Plaintiff purports to represent putative class members from every state in the country, as well as the territories of the United States. *Id.* ¶ 58. That alone satisfies the requirements for minimal diversity.

7. For a district court to have jurisdiction of a putative class action under CAFA, minimal diversity need only exist. 28 U.S.C. 1332(d)(2). As the Eleventh Circuit has explained, in the context of CAFA, "for purposes of establishing jurisdiction, only one member of the plaintiff class—named *or unnamed*—must be diverse from any one defendant." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1194 n.24 (11th Cir. 2007) (emphasis added);[2] *see also* 28 U.S.C. § 1332(d)(2) (Minimal

---

[2] In full, the Eleventh Circuit explained the change to diversity requirements under CAFA compared with the prior diversity requirements in class actions as follows: "Prior to CAFA, the Supreme Court had interpreted the 'diversity' requirement of § 1332(a) to require that each named member of the plaintiff class be diverse from each of the defendants. *See Snyder v. Harris,* 394 U.S. 332, 340 (1969); *Supreme Tribe of Ben–Hur v. Cauble,* 255 U.S. 356 (1921). The new § 1332(d) replaces *Ben–Hur*'s modified 'complete diversity' requirement with a 'minimal diversity' requirement under which, **for purposes of establishing jurisdiction, only one member of the plaintiff class—named or unnamed—must be diverse from any one defendant**. § 1332(d)(2)." *Lowery*, 483 F.3d at 1194 n.24 (emphasis added).

diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant.").

8. Thus, unlike traditional diversity jurisdiction, in the context of CAFA and minimal diversity, the Court need only be persuaded that "one *unnamed* class member is a citizen of a state other than [Georgia] to satisfy CAFA's minimal diversity requirement." *Handforth v. Stenotype Inst. of Jacksonville, Inc.*, No. 309-CV-361-J-32MCR, 2010 WL 55578, at *2 (M.D. Fla. Jan. 4, 2010) (emphasis added); *see id.* ("[W]hile the named parties rule applies in the complete diversity context, CAFA's minimal diversity standard does not require that the diverse plaintiff be a named party." (citing *Lowery*, 482 F.3d at 1194 n.24)); *see also*, *e.g.*, *In re Atlas Roofing Corp. Chalet Shingle Prod. Liab. Litig.*, No. 1:13-MD-2495-TWT, 2014 WL 6775255, at *1-2 (N.D. Ga. Dec. 2, 2014) (holding minimal diversity exists where "both the Plaintiff and the Defendant are citizens of Mississippi" but "the Plaintiff's requested class is not limited to Mississippi citizens"); *Schwartz v. SCI Funeral Servs. of Fla., Inc.*, 931 F. Supp. 2d 1191, 1198 (S.D. Fla. 2013) ("The non-Florida citizenship of nearly two thousand persons within this 'class' satisfies the minimal diversity element of CAFA jurisdiction.").

9. Plaintiff asserts that ParkMobile operates "throughout the United States." Compl. ¶ 4. Because Plaintiff seeks to represent citizens of every state, it is

6

inevitable that at least one member of the putative class is a citizen of a state other than Georgia. Thus, the standard for minimal diversity is readily satisfied.

### C. Amount in Controversy Exceeds $5,000,000

10. Here, the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Counsel for Plaintiff has filed a federal consolidated class action against ParkMobile stemming from the same alleged cybersecurity incident. *See* **Ex. 2**, *Baker v. ParkMobile, LLC*, No. 1:21-cv-02182-SCJ (N.D. Ga. Aug. 18, 2021), Dkt. 34. In that case—and in the other class actions filed by Plaintiff's counsel before consolidation—the named plaintiffs have all alleged jurisdiction under CAFA based on an amount in controversy exceeding $5,000,000. *E.g.*, *id.* ¶ 11; *see also* **Exs. 3–6** (the four pre-consolidation class action complaints filed by Plaintiff's counsel concerning the same alleged ParkMobile cybersecurity incident with each complaint similarly asserting the amount in controversy is over $5,000,000 as a basis for federal jurisdiction under CAFA).

11. In this case, Plaintiff, like the named plaintiffs in the federal consolidated class action, is seeking damages for a nationwide putative class. Because CAFA requires "the claims of the individual [purported class] members [to] be aggregated," 28 U.S.C. § 1332(d)(6), it is not legally impossible that the damages

at issue in this putative class action exceed $5,000,000 thereby satisfying CAFA's jurisdictional prerequisite. *See McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 732 (11th Cir. 2014) ("Unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court." (quoting *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011)); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

### III.     The Procedural Requirements for Removal Have Been Satisfied

12.     This notice of removal is being filed early. A notice of removal must be filed within thirty days of service. 28 U.S.C. § 1446(b). ParkMobile was served on August 5, 2021. **Ex. 1**. Thirty days from service would be Saturday, September 4, 2021. However, because this date falls on a weekend before Labor Day, the notice is due Tuesday, September 7, 2021.

13.     ParkMobile is today timely filing this notice with the Superior Court of Fulton County, Georgia, along with an executed copy of the Notice of Filing Notice of Removal. ParkMobile is also today serving those filings on all parties. 28 U.S.C. § 1446(d).

WHEREFORE, ParkMobile respectfully removes this action from the Superior Court of Fulton County, in the State of Georgia, bearing case number 2021CV352327, to this Court.

Respectfully submitted.

This 30th day of August, 2021.

**SHOOK HARDY & BACON LLP**

*/s/ Joshua L. Becker*
Joshua L. Becker
GA Bar #046046
jbecker@shb.com
Caroline M. Gieser
GA Bar #167916
cgieser@shb.com
Timia Skelton
GA Bar #667099
tskelton@shb.com
Tammy Webb (*pro hac vice* forthcoming)
twebb@shb.com
Elisabeth Hutchinson (*pro hac vice* forthcoming)
ehutchinson@shb.com
1230 Peachtree Street, Suite 1200
Atlanta, GA 30309
Tel: (470) 867-6000
Fax: (470) 867-600

*Attorneys for Defendant ParkMobile, LLC*

## LOCAL RULE 7.1(D) CERTIFICATION

I certify that this notice of removal has been prepared with one of the font and point selections approved by the Court in LR 5.1(B).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MEGEAN DEMOS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PARKMOBILE, LLC,<br><br>Defendant. | Civil Action No.<br><br>_____ |

## CERTIFICATE OF SERVICE

I, Josh Becker, an attorney, hereby certify that on **August 30, 2021**, I caused a true and correct copy of **NOTICE OF REMOVAL** to be served on all parties of record by U.S. mail and this Court's ECF filing system and provided a courtesy copy via electronic mail:

MaryBeth V. Gibson
N. Nickolas Jackson
THE FINLEY FIRM, P.C.
3535 Piedmont Road
Building 14, Suite 230
Atlanta, GA 30305
mgibson@thefinleyfirm.com
njackson@thefinleyfirm.com

Gary F. Lynch
CARLSON LYNCH, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
glynch@carlsonlynch.com

Joseph P. Guglielmo
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
230 Park Avenue, 17th Floor
New York, NY 10169
jguglielmo@scott-scott.com

Arthur M. Murray
Caroline Thomas White
MURRAY LAW FIRM
701 Poydras Street, Suite 4250
New Orleans, Louisiana 70139
amurray@murray-lawfirm.com
cthomas@murray-lawfirm.com

*Attorneys for Plaintiff*

*/s/ Joshua L. Becker*
GA Bar #046046
jbecker@shb.com
*Attorney for Defendant ParkMobile, LLC*